## UNIVERSAL C. I. T. CREDIT CORPORATION v. UNITED STATES.

### Civ. No. 157.

United States District Court
E. D. Tennessee, Winchester Division.
Aug. 31, 1949.

Kefauver, Duggan & Miller, Chattanooga, Tenn., for plaintiff.

Otto T. Ault, United States Attorney, Chattanooga, Tenn., for the U. S.

DARR, District Judge.

This action against the United States seeks the remission of a forfeiture of a motor vehicle and the restoration of the proceeds of a sale thereof.

The United States moves to dismiss the suit upon two grounds, namely, (1) that the court lacks jurisdiction to try and determine this cause because the defendant, the United States of America, has not consented to be sued in an action of this character, and (2) that the complaint fails

to state a claim against the United States upon which relief can be granted.

The vehicle in question was apprehended as a violator of the internal-revenue laws relating to liquors on or about October 19, 1948. The libel proceedings were instituted on November 30, 1948, under authority of section 3321 of Title 26 U.S.C.A. In accord with prescribed procedure, publication was made requiring all claimants to present their allegations of interest on or before December 30, 1948. No one made claim to the vehicle under the terms of the publication, whereupon, and on January 4, 1949, a judgment by default was entered against all the claimants and the vehicle ordered sold and the money distributed in accord with the law. Following the direction of the final judgment the vehicle was sold on January 24, 1949, and immediately thereafter the money was paid out as directed. On April 2, 1949, this original action was instituted.[1]

■ Probably the default judgment in the libel proceedings is a bar to this action, considering that the libel proceedings was in rem and the publication in accord with the rules. No attempt. is made to set it aside and, indeed, none could be made in this collateral proceedings.

Be this as it may, the real question presented is whether this court has jurisdiction to remit a forfeiture and restore money after the sale of the property confiscated.

■ Under the internal-revenue laws all matters concerning remission or mitigation of forfeitures are to be in accord with the provisions for remission and mitigation of forfeitures under the customs laws. Internal Revenue Code, 26 U.S.C.A. § 3726.

The customs laws concerning these matters are to be found at sections 1613 and 1618 of Title 19, U.S.C.A. The said section 1613 provides for the remission of a forfeiture and restoration of the proceeds of the sale of forfeited property. All these provisions of the customs laws place the power for remission or mitigation of forfeitures in administrative authority.

■ However, on August 27, 1935, Congress enacted the law placing exclusive jurisdiction in the courts to remit or mitigate a forfeiture under the internal-revenue laws relating to liquors of any vehicle or aircraft. With minor changes in phraseology this law is now in the official Criminal Code, 18 U.S.C.A. § 3617.

If it be that exclusive jurisdiction to remit or mitigate the forfeiture under the circumstances of this case was placed in the court, there is no jurisdiction left in administrative authority concerning such action.

■ In all property subject to forfeiture for a violation, the property itself is personified and becomes the offender. The right to the property is wholly and exclusively in the United States. Only by the grace of the United States, acting through the Congress, can there be any mitigation or remission of the forfeiture.

Therefore, the conditions set up as meriting grace must be met and also the manner and extent of the grace extended must be as directed.

■ In said section 3617(c) there appears to be a direction to the court of the manner and extent of remission or mitigation of a forfeiture. This subsection clearly limits the remission or mitigation to the vehicle or aircraft and does not extend to remission or mitigation and restoration of funds arising from the sale of the forfeited property. The court cannot read into the law power given to the administrative authority to remit forfeiture after sale in the manner the administrative authority does have under the customs laws.

The exclusive jurisdiction given to a court under section 3617 contemplates by the letter and spirit of the enactment a settlement of all claims before sale of the forfeited property. If the Congress had intended that the proceeds from the forfeited property could be reached by

---

**1.** The historical narration may not all appear from the pleadings, but the court has felt justified in examining the file in the libel proceedings.

claimants, provisions therefor could have been easily made.

The court is, therefore, of the opinion that there is no permission to sue the United States for funds in the Treasury which arise from the sale of vehicles or aircraft that have been forfeited and sold by judicial proceedings.

The motion of the defendant is sustained and the suit dismissed at plaintiff's costs.

Order accordingly.